```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

GRIEVANCE COMM. FOR THE TENTH      :
JUDICIAL DISTRICT,
                                   :
               Petitioner,
                                   :       MEMORANDUM DECISION
     - against -
                                   :       09 Civ. 7570 (DC)
RUTH M. POLLACK,
                                   :
               Respondent.
                                   :

- - - - - - - - - - - - - - - - - -x
```

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 11/13/09

**APPEARANCES:**         ROBERT H. CABBLE, ESQ.
                         RITA E. ADLER, ESQ.
                         Attorneys for Petitioner
                         150 Motor Parkway
                         Suite 102
                         Hauppauge, NY 11788

                         RUTH M. POLLACK, ESQ.
                         Pro Se Respondent
                         21 West Second Street
                         Suite 13
                         Post Office Box 120
                         Riverhead, NY 11901

**CHIN, District Judge**

On June 30, 2009, petitioner Grievance Committee for the Tenth Judicial District filed a petition in the Appellate Division of the Supreme Court of the State of New York, Second Department, against respondent Ruth M. Pollack alleging two counts of professional misconduct under New York law. Respondent was served with the petition on July 7, 2009. On August 31, 2009, respondent removed the action to this Court. Petitioner now moves to remand this action to state court on the grounds

that the removal was not timely and that no basis for federal jurisdiction exists.

For the reasons set forth below, petitioner's motion for remand is GRANTED.

## BACKGROUND

In 2007, respondent appeared before Judge Bianco of the District Court for the Eastern District of New York (the "EDNY") as counsel for a plaintiff in a Title VII action. On July 13, 2007, Judge Bianco issued an Order dismissing the case and outlining a series of allegations regarding respondent's misconduct during the course of the trial. See Stuart v. Kempthorne, No. 99 Civ. 8163, 2007 WL 2071605 (E.D.N.Y. July 13, 2007). On August 15, 2007, Judge Bianco issued an order requiring Pollack to show cause as to why she should not be held in criminal contempt for her purported misconduct at trial. (Resp't's Pet. for Removal Ex. D-1).

Judge Allyne Ross of the EDNY conducted a bench trial on the charges of criminal contempt and found respondent guilty beyond a reasonable doubt. In re Pollack, No. 07 MC 347, 2008 WL 4327000 (E.D.N.Y. Sept. 22, 2008). Accordingly, Judge Ross sentenced respondent to two years unsupervised probation and a forty-five day suspension from practicing in the EDNY. (Resp't's Pet. for Removal Ex. D-1; Cabble Aff. Ex. E). Finding that respondent violated this forty-five day suspension order, the

Committee on Grievances for the EDNY thereafter suspended respondent from practicing in the EDNY for two years. (Resp't's Pet. for Removal Ex. D-1; Cabble Aff. Ex. G).

The Supreme Court of the State of New York, Appellate Division, Second Department, ordered a disciplinary proceeding to determine whether respondent's criminal contempt conviction constituted a "serious crime" under § 90(4)(d) of New York Judiciary Law and § 691.7(b) of the Rules of the Appellate Division Second Department. (Resp't's Pet. for Removal Ex. D-1; Cabble Aff. Ex. I). The court appointed the Grievance Committee for the Tenth Judicial Circuit to appear as petitioner in the disciplinary hearing before an appointed Special Referee. (Cabble Aff. Ex. I at 2). Respondent was suspended from the practice of law in the courts of New York State during the pendency of the hearings until further notice from the court. (Id.).

Petitioner charged respondent with two counts of professional misconduct. (Resp't's Pet. for Removal Ex. D-1; Cabble Aff. Ex. J). Due to a series of delays and adjournments, the hearing has yet to occur. (Mem. of Law in Supp. of Mot. to Remand 4-5). Respondent filed a notice of removal with this Court August 31, 2009, and served it on petitioner September 1, 2009. (Id. at 4; Resp't's Notice of Removal). Petitioner's instant motion for remand followed.

## DISCUSSION

Petitioner argues for remand on the grounds that removal was untimely and, in any case, there is no basis for federal jurisdiction. For the reasons that follow, the Court agrees on both grounds.

### A. **Timeliness of the Removal Action**

#### 1. **Applicable Law**

Under 28 U.S.C. § 1446(b), a notice of removal of a civil action or proceeding must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (2006). If the original pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper" from which it may first be ascertained that the case has become removable. Id.

#### 2. **Application**

Here, the triggering "claim for relief upon which [the] action or proceeding is based" is the Grievance Committee's petition containing disciplinary charges against respondent, which was personally served on respondent July 7, 2009. Thus, under 28 U.S.C. § 1446(b), respondent had thirty days from July 7, 2009, to file her notice of removal. Filing her notice of

removal August 31, 2009, respondent did not meet the statutory deadline.

Respondent employs 28 U.S.C. § 1446(b)'s "order or other paper" language in defending the timeliness of her motion. (Mem. of Law in Opp'n to Pet'r's Mot. to Remand 8; Resp't's Aff. in Opp'n to Remand 11). She notes that an August 3, 2009, letter from the Special Referee setting forth the time and place of the hearing -- which she suggests qualifies as an "order or other paper" under the statute -- "provided [her] with additional grounds . . . to determine that [she] must file a removal petition" (Resp't's Aff. in Opp'n to Remand 11), and thus the thirty-day period should run from that date.

Respondent's reliance on the "order or other paper" provision is misplaced. Respondent grounds nearly all of her removal claims on the original petition, and notes that the August letter merely provided her with "additional grounds" for removal. Hence, the "order or other paper" provision is inapplicable. The August letter merely set forth the time and place of the hearing and added nothing substantive. Thus, because respondent did not file her notice of removal within thirty days of receiving the petition on July 7, 2009, the motion is untimely.

B. **Federal Jurisdiction**

Even assuming the removal petition was timely filed, the removal was improper for lack of subject matter jurisdiction.

In her initial Notice of Removal, respondent asserted that removal was proper pursuant to (1) 28 U.S.C. § 1441's federal question and diversity jurisdiction provisions, (2) 28 U.S.C. § 1442's removal of civil and criminal actions against officers of the United States, and (3) 28 U.S.C. § 1443's removal of certain civil rights actions. (Pet. for Removal 9-23). Respondent's response to the motion for remand, however, cites only federal question jurisdiction in support of removal and notes that any earlier reference to other grounds for removal was inadvertent. (Resp't's Aff. in Opp'n to Remand 9-11). Accordingly, the Court will only consider whether removal is proper under 28 U.S.C. § 1441's federal question jurisdiction.

1.  **Applicable Law**

Under 28 U.S.C. § 1441 "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable." 28 U.S.C. § 1441 (2006). Whether a claim arises under federal law, and thus falls within federal question jurisdiction, is generally governed by the well-pleaded complaint rule. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). The well-pleaded complaint rule provides for federal jurisdiction only when the complaint affirmatively alleges a federal claim. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); see Citigroup, Inc. v. Wachovia Corp., 613 F. Supp. 2d 485, 489-90 (S.D.N.Y. 2009).

The Supreme Court has recognized a few categories of cases in which courts may deviate from the well-pleaded complaint rule. Two such categories are arguably relevant here. First, the Supreme Court has noted a "longstanding, if less frequently encountered, variety of 'arising under' jurisdiction" that permits "federal-question jurisdiction [to] lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g Mfg., 545 U.S. 308, 312 (2005). Under this doctrine, the determinative question is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314.

Second, the Supreme Court has recognized the artful pleading doctrine, a rather amorphous corollary to the well-pleaded complaint rule. See Rivet, 522 U.S. at 475. This doctrine "rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005) (citations omitted). This doctrine typically applies in cases where federal law completely preempts a plaintiff's state law claims, although courts in this circuit have applied it more broadly. See id. at 272 n.4; see, e.g., Marcus v. AT&T Corp., 138 F.3d 45 (2d Cir. 1998).

2. **Application**

Here, federal jurisdiction cannot be found under the well-pleaded complaint rule, the substantial federal question doctrine, or the artful pleading doctrine. First, the face of the underlying petition unquestionably alleges only state law claims. Indeed, the first charge, alleging professional misconduct, turns on whether respondent's criminal contempt conviction constitutes a "serious crime" within the meaning of New York Judiciary Law and the Rules of New York's Supreme Court, Appellate Division, Second Department. (Cabble Aff. Ex. J at 4). The second charge alleges that respondent engaged in conduct that adversely reflected on her fitness as a lawyer. (Id. at 4-5). Neither charge relies on federal law and thus federal question jurisdiction cannot be found under the well-pleaded complaint rule. See Beneficial Nat'l Bank, 539 U.S. at 6; see also In re Bogart, 386 F. Supp. 126, 130 (S.D.N.Y. 1974) (holding that proceedings under section 90(4) of the Judiciary Law of New York are not removable pursuant to 28 U.S.C. § 1441 because they are not "founded on a claim or right under the Constitution, treaties or laws of the United States" (internal quotation marks omitted)).

Further, beneath the surface of the complaint, there lay no significant federal issues or masked federal law claims. The relevant statutes are, as they appear on the face of the complaint, completely state oriented. Thus, this Court cannot

find federal jurisdiction under the substantial federal question doctrine or the artful pleading rule.

Respondent's arguments to the contrary are without merit. Respondent suggests that petitioner has artfully pled the federal criminal contempt charges against her to appear as questions of state law. (Mem. of Law in Opp'n to Pet'r's Mot. to Remand 10). The federal charges and resulting conviction, although providing the underlying factual context for the state grievance proceedings, do not, however, raise any federal questions of law. See also New York v. Grasso, 350 F. Supp. 2d 498, 503 (S.D.N.Y. 2004) (remanding case to state court when federal law set the context for the complaint but the complaint did not allege a violation of federal law or require interpretation of federal law). Instead, the sole relevant legal inquiry is whether the federal conviction may be construed as a "serious crime" under the New York Judiciary Law, a question this Court does not have jurisdiction here to address.

C.   **Respondent's Additional Claims**

In support of her opposition to the remand motion, respondent details a number of additional claims regarding the state and federal proceedings. First, respondent alleges a number of constitutional infirmities in the EDNY proceedings, which she believes raise federal questions for this Court. (Resp't's Pet. for Removal 6-7, 11; Mem. of Law in Opp'n to Pet'r's Mot. to Remand 11-12; Resp't's Aff. in Opp'n to Remand 5). Any allegations regarding errors by the EDNY, however,

-9-

should have been raised before that court or on appeal to the Second Circuit. Accordingly, this Court will not consider those claims. Second, respondent alleges a number of constitutional violations resulting from petitioner's actions and the state disciplinary proceedings that she believes provide this Court with jurisdiction. For the reasons that follow, those claims are insufficient to establish federal jurisdiction in this case.

### 1. **Applicable Law**

The Supreme Court has clearly stated that "a counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831 (2002); Citigroup, 613 F. Supp. 2d at 490 (noting that federal jurisdiction cannot rest upon an actual or anticipated counterclaim).

### 2. **Application**

Respondent alleges that during the course of the state proceedings she was restricted from accessing important information regarding the charges against her, prevented from confronting witnesses, denied a courtroom, and subjected to a non-neutral decisionmaker. (Resp't's Aff. in Opp'n to Remand 6, 9-11). Further, respondent suggests that petitioner perpetrated mail fraud and fraud on the court. (Resp't's Pet. for Removal 2-4). All of these allegations are essentially counterclaims, advanced by respondent in response to petitioner's initial

complaint. As such, they may not form the basis for federal jurisdiction. See Holmes Group, Inc., 535 U.S. at 831; Citigroup, 613 F. Supp. 2d at 490. Indeed, the question of federal jurisdiction turns on whether the plaintiff's claims, and not those of the defendant, state, rely upon, or demand resolution of federal law.

## CONCLUSION

For the foregoing reasons, petitioner's motion to remand this matter to the Appellate Division of the Supreme Court of the State of New York, Second Department, is GRANTED. The Clerk of the Court shall remand this case to the Second Department.

SO ORDERED.

Dated:   New York, New York
         November 13, 2009

_____
DENNY CHIN
United States District Judge