```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

GRIEVANCE COMM. FOR THE TENTH      :
JUDICIAL DISTRICT,
                                   :
              Petitioner,
                                   :       ORDER
        - against -
                                   :       09 Civ. 7570 (DC)
RUTH M. POLLACK,
                                   :
              Respondent.
                                   :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/09

**CHIN, District Judge**

       On November 24, 2009, respondent Ruth M. Pollack faxed a letter to this Court describing a series of incidents that led her to allege that someone had tampered with the docket in this case.  In fact, Pollack asserts that "[t]his case has again risen to a criminal federal matter," as she suggests that someone has engaged in criminal conduct -- tampering with a public record. (11/24/09 Letter to Court, at 2-3).

       The first two issues raised by Pollack and discussed below were addressed in my November 4, 2009, Order.  As new details regarding these previous issues have come to light, however, I address all of Pollack's accusations.

       First, Pollack insinuates that an attorney for petitioner Grievance Committee, Robert Cabble, directed someone in the Clerk's Office to designate this case on the docket as a "Securities/Commodities" case when in fact it should have been listed as a "Constitutionality of State Statutes" case.  I have reviewed the original Civil Cover Sheet filed by Pollack on

August 31, 2009, and I conclude there is a simple explanation for this error.  The Securities/Commodities check box is numbered 850, while the Constitutionality of State Statutes check box is numbered 950.  On Pollack's form, the "X" running through the Constitutionality of State Statutes check box cuts through the "9" in 950, causing it to look like an "8" in 850.  Thus, it appears that someone entering the data from the Civil Cover Sheet into the official docket mistook the 950 for an 850 and consequently misdesignated the case.  This clearly was an inadvertent error, as these boxes exist solely for the purpose of gathering statistical information, and I can imagine no ulterior motive for anyone to want to intentionally designate a 950 case as an 850 case.  Pursuant to my November 4, 2009, Order, this mistake was corrected.

   Second, Pollack alleges that Cabble was involved in the listing of his prior law firm and its address on the docket, when in fact the law firm has no connection to this case.  I have spoken with the Clerk's Office and conducted a review of this matter.  It appears that Cabble inadvertently neglected to update his information in the Electronic Case Filing ("ECF") database upon leaving his former law firm as is required in the Southern District of New York.  See Electronic Case Filing Rules & Instructions 24-25 (2008), available at http://www1.nysd.uscourts.gov/ecf/ECF_rules_SDNY_Aug08.pdf.  Consequently, when Cabble's name was entered into the docket for this case, the contact information for his previous law firm immediately and

automatically appeared, and was selected without being checked against the information in the papers (which gave Cabble's correct and current contact information). These were simple administrative oversights by Cabble and the Clerk's Office that bear no indicia of impropriety. Indeed, Cabble never affirmatively listed his prior law firm in this matter and immediately notified the Court of the error upon noticing it on the docket. In accordance with the November 4, 2009, Order, the Clerk's Office corrected the docket to reflect Cabble's updated contact information.

Pollack's third accusation involves a series of changes in the docket from November 17, 2009, through November 24, 2009. The changes to the docket and corresponding explanations follow.

- On November 13, 2009, I issued a Memorandum Decision explicitly remanding this case to the Appellate Division of the Supreme Court of the State of New York, Second Department. The Memorandum Decision was docketed.
- On November 17, 2009, instead of sending the case to the Appellate Division, the Clerk's Office mistakenly sent the case to the Supreme Court of the State of New York. The docket entry for November 17, 2009, read as follows:
    > CASE REMANDED OUT from the U.S.D.C. Southern District of New York to the State Court -- Supreme Court of the State of New York, County of New York. Sent certified copy of docket entries and remand order. Mailed via Federal

>   Express AIRBILL # 870510839314 on
>   11/17/09. (dle) (Entered: 11/17/2009).

- On November 17, 2009, Cabble telephoned the Clerk's Office to alert the office to this error. After speaking with a series of representatives from the Clerk's Office, Cabble left a voice mail for the civil docketing department.

- The same day, November 17, 2009, an employee in the Clerk's Office independently noticed the error and brought it to the docketing department's attention.

- On November 18, 2009, Cabble telephoned the docketing department and was advised that the package of certified documents would be sent to the proper court.

- On November 19, 2009, the Clerk's Office deleted the November 17, 2009, entry and replaced it with the following:

>   CASE REMANDED OUT from the U.S.D.C.
>   Southern District of New York to the
>   State Court -- Appellate Division of the
>   Supreme Court, Second Department.  Sent
>   certified copy of docket entries and
>   remand order.  Mailed via Federal
>   Express AIRBILL # 870510838822 on
>   11/19/09. (dle) Modified on 11/19/2009
>   (dle). (Entered: 11/17/2009).

This series of events makes clear that the Clerk's Office mistakenly sent the remand order and accompanying documents to the New York State Supreme Court, New York County, despite my order directing that the case be sent to the Appellate

4

Division, Second Department. Upon realizing the mistake, the Clerk's Office sent the documents to the proper court and adjusted the docket to reflect these changes. When adjusting the docket, the Clerk's Office should have left a trail of entries acknowledging its previous error and voiding its earlier action so that there would be a record of all that transpired. Instead, however, it noted only that it had "modified" the November 17, 2009, entry. By modifying the earlier docket entry instead of following procedure and inputting a series of new entries, the Clerk's Office compounded its earlier mistake.

Ultimately, it is apparent that the Clerk's Office made several unfortunate mistakes during the course of this action. I reject, however, the notion, to the extent Pollack suggests it, that the Clerk's Office had any sinister purpose or improper motive. I further reject Pollack's suggestion that Cabble "unilaterally had the official docket altered." It is clear that Cabble contacted the Clerk's Office only to draw attention to the mistake. Cabble did not tamper with the docket or ask any clerk to do so. Finally, I unequivocally reject Pollack's accusation that either Cabble or anyone in the Clerk's Office engaged in criminal conduct. There simply is no basis in reality for any such accusation, and it is irresponsible for Pollack -- a member of this Court -- to make it.

This Order should resolve any questions or ambiguity regarding the recent changes to the docket. Pollack was not prejudiced by the incorrect docket entries because my November

13, 2009, decision clearly stated that the case was remanded to the Appellate Division, Second Department, and not the Supreme Court of New York.  The errors were purely clerical in nature and have no bearing on the authority of the Appellate Division, Second Department, to preside over this case.

SO ORDERED.

Dated:  New York, New York
        December 9, 2009

                                    DENNY CHIN
                                    United States District Judge